## Commonwealth *v.* Pollard, Appellant.

Argued September 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel*, Assistant Defender, with him *Barbara Bailey*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*James T. Ranney*, Assistant District Attorney, with him *Benjamin H. Levintow* and *Milton M. Stein*, Assistant District Attorneys, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 13, 1971:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
Appellant claims that the court below erred in not suppressing the evidence used against him which led to his conviction on the charge of possession of narcotic drugs.

The facts, as found by the lower court, are as follows:

"(The) defendant was a passenger in the right, front seat of an automobile. The (arresting officer) and a brother officer stopped the automobile for going through a red traffic signal. The officer went over to the right of the car. He then ordered the passengers to alight from the vehicle. . . . (D)efendant had committed no crime to (the knowledge of the arresting officer) at the time (defendant) was ordered from the car.

"As the defendant removed himself from the vehicle, the (arresting) officer saw him drop a white packet from his hand to the ground. Based upon his experience, the officer believed the packet contained heroin." This packet was retrieved by the officer, and its contents were found to be heroin, which evidence was introduced at appellant's trial.

Based on the above finding, the court below found that appellant was arrested when he was ordered from the vehicle, and "since the arrest of the defendant or the search of the vehicle are apparently illegal, the heroin which was discovered contemporaneously with these two events must be suppressed if it be the fruit of these illegalities." *Commonwealth v. Dussell,* 439 Pa. 392, 266 A. 2d 659 (1970).

The lower court found, however, that the seizure of the heroin subsequent to the illegal arrest was not the product of the illegal arrest, but instead was "sufficiently distinguishable to be purged of the primary taint."

The lower court's conclusion is based upon its reliance on the fact that the appellant threw the packets of heroin to the ground when ordered out of the vehicle by the police officers. This act led the lower court to conclude that when appellant "discarded the heroin he abandoned his interests therein, and the government was then entitled to confiscate the heroin." As such, no

search, in the view of the lower court, was consummated.

In my view, the lower court has taken an unduly restricted view of the scope of the Fourth Amendment's proscription against unreasonable searches and seizures. Specifically, the exclusionary rule has been applied to the seizure of things and the taking of confessions following illegal arrests. *Wong Sun v. United States,* 371 U.S. 471 (1963). The proper test applied in determining whether such evidence should be excluded is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." 371 U.S. at 488.

This test has been consistently applied to determine the exclusion of evidence. See *United States ex rel. Gockley v. Myers,* 450 F. 2d 232, 10 Criminal L. Rep. 2052-2054 (3d Cir. 1971). In *Gockley* the Court stated that "the direct causal relation between an arrest and an incidental seizure of an article in the possession of the person arrested . . . is clear and direct." 450 F. 2d at 236.

Here, it takes little imagination to realize that appellant's throwing the packet of heroin to the ground was caused by his fear that the officer who had arrested him illegally would commence to search him. The casting of the packet to the ground, therefore, was in direct response to the illegal arrest. Hence, the throwing of the packet to the ground was not simply an act which took place unrelated to the illegal arrest. Instead, it was induced by the illegal arrest itself. The consequent seizure of the evidence used against appellant, therefore, while not itself illegal, cannot be said to be purged of this primary taint. In both *Commonwealth ex rel. Craig v. Maroney,* 348 F. 2d 22 (3d

Cir. 1965), and in *Gockley,* supra, the Third Circuit has held that voluntary confessions taken after and proximate to illegal arrests must be suppressed, even though the accused could not complain that he was not given constitutional warnings or that the confession was coerced. The prime focus is not upon the nature of the subsequent police seizure or gathering of evidence, but is instead upon whether such seizure or gathering stemmed from a prior illegal act. Likewise, in the instant case, we must apply this same standard. *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965).

I would vacate the judgment of sentence below and order a new trial to be held consistent with this opinion.